357 So.2d 408 (1978)
GENERAL DEVELOPMENT UTILITIES, INC., Petitioner,
v.
Paula HAWKINS, William T. Mayo, William H. Bevis, As and Constituting the Florida Public Service Commission, Respondent.
No. 51405.
Supreme Court of Florida.
March 31, 1978.
R.M.C. Rose and Stanley M. Danek of Myers, Kaplan, Levinson & Kenin, Tallahassee, for petitioner.
Leon F. Olmstead and Raymond E. Vesterby of the Florida Public Service Commission, Tallahassee, for respondent.
ENGLAND, Justice.
General Development Utilities, Inc. has asked us to review an order of the Florida Public Service Commission which, the company asserts, approves a rate increase smaller than the company requested without competent substantial evidence in the record to support the Commission's decision. We have jurisdiction to consider this challenge to Commission action. Article V, Section 3(b)(3), Florida Constitution; Section 350.641, Florida Statutes (1975).
Petitioner operates a sewer system subject to the jurisdiction of the Public Service Commission. In presenting its request for a rate increase, the company's main witness on economic matters proposed that the Commission compute the company's rate of return on the basis of a hypothetical equity to debt ratio of 50% to 50%. The company's actual equity/debt ratio was 92.19% to *409 7.81%.[1] The company's witness also proposed that the cost of debt be considered as 10%, although the actual embedded cost of company debt was 7.6%.
In its order, the Commission rejected the witness's hypothetical figures saying:
"We cannot agree with this approach by GDU. First, we do not believe that a 50-50 debt to equity ratio is realistic because very few, if any, water company stocks are now selling above book and the average debt/equity ratio of these water companies is 62/38%. In addition, we see no reason to use a hypothetical debt cost of 10% when the imbedded [sic] cost is actually 7.6%."
The company challenges both of these determinations here, and our analysis must address both. Section 120.68(7); Florida Statutes (1975).
We have no difficulty sustaining the Commission's decision to use an actual rather than hypothetical cost of debt.[2] The selection of that figure is supported by hard evidence in the record. Section 120.68(10), Florida Statutes (1975). We have insurmountable difficulties, however, in sustaining the Commission's choice of an equity/debt ratio.
The Commission selected a ratio which nowhere appears in the record, apparently fabricating one for the company based on information it has compiled for water companies generally.[3] The arbitrary selection of this ratio as a "fact" comes from outside the record of the proceeding and plainly violates the notions of agency due process which are embodied in the administrative procedure act. See Section 120.59(2), Florida Statutes (1975), which directs that findings of fact shall be explained by reference to "facts of record"; Section 120.57(1)(b)7, which states that findings of fact "shall be based exclusively on the evidence of record and on matters officially recognized"; and Section 120.61, which contemplates notice of matters to be officially recognized and the opportunity to contest them.[4]
We conclude that the Commission's decision on petitioner's equity/debt ratio is outside its range of delegated discretion,[5] and remand this case to the Commission for further proceedings on that issue.[6] The Commission is not obliged to accept either the company's suggested hypothetical or its actual equity/debt ratio if there are valid reasons for rejecting them, but it is required to allow the company to know in advance and to challenge the data on which it chooses to rely.
It is so ordered.
OVERTON, C.J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] This ratio is erroneously shown in the Commission's order on reconsideration as "92.19% equity/.0781% debt".
[2] See, e.g., Citizens of State of Florida v. Hawkins, No. 51,399, 356 So.2d 254, 260 n. 18 (Fla., opin. filed February 16, 1978).
[3] Although the Commission adopted as a standard the average equity/debt ratio of public water companies and the company operates only a sewer system, the company's witness compared and relied upon data from water companies and other types of utilities.
[4] In denying reconsideration of its original order, the Commission rejected the record equity/debt ratio on the grounds that the company's actual capital structure was "as unsatisfactory as the [hypothetical] one presented by the applicant", and justified the one selected on the ground that this Court in Gulf Oil Co. v. Bevis, 322 So.2d 30 (Fla. 1975), "has recognized and approved the application of Commission `... knowledge and expertise ...' in consideration of matters." If this justification is intended to suggest that the Commission may officially recognize matters such as the financial data of public water companies in a final order without having accorded the parties notice or an opportunity to challenge the data, it violates the requirements of Section 120.61. If the Commission's reliance on Gulf Oil is a guide to what the Commission considers within the exercise of its general expertise, the reliance is misplaced. The Gulf Oil decision predated the administrative procedure act adopted in 1974, and can no longer be considered authoritative in the area of administrative due process.
[5] § 120.68(12)(a), Fla. Stat. (1975).
[6] § 120.68(13)(a)1, Fla. Stat. (1975).