**Application of GENERAL DEVELOPMENT UTILITIES, Inc. (No. 2).**
Docket No. 750768-S (MC). Order No. 8288.
Florida Public Service Commission.
May 3, 1978.

R.M.C. Rose, Tallahassee, and Wayne Allen, Miami, for the applicant.

Leon F. Olmstead, Tallahassee, for the commission staff and the public generally.

The following commissioners participated in the disposition of this matter — PAULA F. HAWKINS, Chairman, and Commissioners WILLIAM T. MAYO and ROBERT T. MANN.

BY THE COMMISSION.

On August 3, 1976, Order No. 7357 was entered herein, containing findings as to rate base, cost of capital and an operating

statement. On the basis of the findings contained therein, gross revenue in the amount of $464,661 was authorized.

The utility filed a timely petition for reconsideration of Order No. 7357, among other points, attacking the hypothetical capital structure of 62% debt and 38% equity, which was utilized in Order No. 7357, to arrive at a 9.65% return on rate base. By Order No. 7676, dated March 9, 1977, the petition for reconsideration was denied. The utility filed timely petition for certiorari in the Supreme Court for review of Order No. 7357 and Order No. 7676.

On March 31, 1978 the Supreme Court handed down its decision in the case of General Development Utilities, Inc., Petitioner vs. Paula F. Hawkins, et al, Respondents, Case No. 51,405 [357 So.2d 408]

Insofar as it is herein pertinent, the Supreme Court stated —

> We have insurmountable difficulties, however, in sustaining the commission's choice of an equity/debt ratio.
>
> The commission selected a ratio which nowhere appears in the record, apparently fabricating one for the company based on information it has compiled from water companies generally. The arbitrary selection of this ratio as a "fact" comes from outside the record of the proceeding and plainly violates the notions of agency due process which are embodied in the Administrative Procedure Act. See Section 120.59(2), Florida Statutes (1975), which directs that findings of fact shall be explained by reference to "facts of record"; Section 120.57(1)(b)7, which states that findings of fact "shall be based exclusively on the evidence of record and on matters officially recognized"; and Section 120.61, which contemplates notice of matters to be officially recognized and the opportunity to contest them.
>
> We conclude that the commission's decision on petitioner's equity/debt ratio is outside its range of delegated discretion, and remand this case to the commission for further proceedings on that issue. The commission is not obliged to accept either the company's suggested hypothetical or its actual equity/debt ratio if there are valid reasons for rejecting them, but it is required to allow the company to know in advance and to challenge the data on which it chooses to rely.

We believe that a public hearing should be held for development of the information relative to the cost of capital that is appropriate for use in this case.

It is accordingly ordered that a public hearing be held in accordance with the remand of the Supreme Court to take evidence on the cost of capital and on the proper debt/equity ratio which

should be utilized in the calculation of the cost of capital in this case.

It is further ordered that the utility, within twenty days from the date hereof, provide the capital structure of its parent company, General Development Corporation, together with the cost of debt for the parent company.